## Appeal of ATLANTA THEATRE CO.        Docket No. 924.

Under the evidence in this appeal the taxpayer is not entitled to classification as a personal service corporation under section 200 of the Revenue Act of 1918.

Submitted March 2, 1925; decided March 25, 1925.

*Joseph P. Bickerton, Jr., Esq.*, for the taxpayer.
*J. Arthur Adams, Esq.*, for the Commissioner.

Before IVINS, KORNER, and MARQUETTE.

This appeal involves the question whether the taxpayer corporation was, during the taxable period July 1, 1919, to June 30, 1920, a personal service corporation within the meaning of section 200 of the Revenue Act of 1918.

## FINDINGS OF FACT.

1. The taxpayer is a Delaware corporation, organized in 1911, with its principal offices in New York City. During the period under consideration the corporation's capital stock was $9,900, divided into 99 shares of the par value of $100 each. At its organization these shares were held as follows: A. L. Erlanger, 33 shares; Marc Klaw, 33 shares; and Charles Frohman, 33 shares. At the death of Frohman, in 1915, his shares were transferred to his estate which was incorporated as Charles Frohman, Inc. During the period under consideration the shares of the taxpayer's capital stock were held by A. L. Erlanger, Marc Klaw, and Charles Frohman, Inc., each holding 33 shares. Alf Hayman, a former business associate of Charles Frohman, was the general manager of Charles Frohman, Inc. It does not appear definitely from the record whether Hayman was a stockholder in Charles Frohman, Inc. The record does not disclose the number of stockholders of Charles Frohman Inc., nor who such stockholders were. There is no evidence that Charles Frohman, Inc., was a personal service corporation, nor was evidence submitted as to whether Charles Frohman, Inc., was a producing company, or an operating company, or engaged in the same activities as the taxpayer.

2. The business engaged in by the taxpayer was the operation of the Atlanta Theatre, in Atlanta, Ga. The taxpayer owned no property other than a lease on the Atlanta Theatre. The record is not clear as to the ownership of this lease. The taxpayer introduced in evidence a lease executed in 1910 from Joel Hurt, of Atlanta, Ga., to Marc Klaw and A. L. Erlanger, constituting the partnership Klaw & Erlanger. The lease provided for a 10-year term beginning July 1, 1911. While on the witness stand Erlanger was asked if the capital stock of the taxpayer ($9,900) was issued for the lease of the theatre. He replied: " Well, I think the lease was transferred to the company in consideration of that amount of money." For the purpose of this appeal, we find that the lease was transferred to the taxpayer by Klaw & Erlanger and that the taxpayer was the owner thereof. The lease provided for a rental of $16,500 per annum for the first five years, and $17,000 for the next five years, the same to be paid semi-annually six months in advance.

3. The taxpayer produced no plays. Its function was solely that of operating the Atlanta Theatre. Such operation consisted of presenting theatrical entertainments. The taxpayer entered into contracts with the producers of such entertainments by the terms of which the producers staged the entertainments in the theatre provided by the taxpayer. Under these contracts the box-office receipts were divided between the producers and the taxpayer on an agreed percentage to each. The taxpayer paid no salaries to actors nor did it pay royalties or other remuneration to authors. It did not furnish or pay for costumes, scenery, or other equipment required in the *production* of such entertainments. The expenses of the corporation are confined to rental of the Atlanta Theatre under the terms of its lease thereon, care and upkeep of the theatre, and sale of tickets to the public. The only employees of the taxpayer are a theatre manager, box-office attachés, ushers, stage hands, and cleaners. On

occasions, when the nature of the theatrical production on the boards requires it, an orchestra is employed at the expense of the taxpayer.

4. Two of the stockholders, Klaw and Erlanger, and the general manager of Charles Frohman, Inc., Hayman, were all men of long and recognized experience in the theatrical world. All are expert in the art of acting, stage directing, and construction of theatrical entertainments. These men to a certain extent exercised personal supervision over the selection of entertainments for presentation at the Atlanta Theatre. Unanimity of approval of all three of these men was not necessary before presenting an attraction. In selecting attractions for the Atlanta Theatre these men consulted together, but in many instances the attractions were arranged for through the channel of the booking office. Before their selection, the attractions were not always viewed by Erlanger, Klaw, or Hayman.

5. The taxpayer had no source of income other than its percentage of the moneys received from its patrons, the public, who paid for the privilege of viewing the attractions presented in the taxpayer's theatre.

6. The taxpayer filed a return of its income for the period July 1, 1919, to June 30, 1920, on form 1065, as a personal service corporation. On audit the Commissioner determined that the taxpayer was not a personal service corporation and computed its tax accordingly. This resulted in a deficiency in tax, of which the taxpayer was notified by registered letter mailed to it by the Commissioner on October 8, 1924. From this determination of the Commissioner the taxpayer appealed to this Board. Its petition was filed December 4, 1924.

DECISION.

The determination of the Commissioner is approved.

OPINION.

KORNER: To a very marked degree this appeal presents a state of facts similar to that in the *Appeal of Newam Theatre Corporation*, 1 B. T. A. 887, decided this day. There is one salient point of difference, however, between the two cases, in that the instant appeal presents the situation of 33⅓ per cent of the capital stock of the taxpayer being owned by another corporation. In view of the fact that our decision in the instant appeal is predicated on the same reasoning supporting the decision in the *Newam Appeal*, we do not deem it necessary to discuss here the further point just above referred to.

For the reasons given in our opinion in the *Appeal of Newam Theatre Corporation, supra,* the taxpayer is not entitled to personal service classification.